19-3318
*LaPierre v. LaValley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

MARK A. LAPIERRE,

> *Plaintiff-Appellant*,

> v.                                                              19-3318

CORRECTIONS OFFICER CHAD LAVALLEY, CLINTON CORRECTIONAL FACILITY, FKA E. LAVALLEY, SERGEANT DELISLE, CLINTON CORRECTIONAL FACILITY, SERGEANT MICHAEL GUYNUP, CLINTON CORRECTIONAL FACILITY, FKA TERRY GUYNUP, DOCTOR KRISHNA KUMAR VADLAMUDI, MARCY CORRECTIONAL FACILITY, CORRECTIONS OFFICER RANDY RUSSELL, CLINTON CORRECTIONAL FACILITY,

> *Defendants-Appellees*,

CATHERINE LEAHY-SCOTT, NEW YORK
STATE INSPECTOR GENERAL,
COMMISSIONER ANTHONY J. ANNUCCI,
NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION (DOCCS),

        *Defendants.*

---

For Plaintiff-Appellant:     Mark A. LaPierre, pro se, Comstock, NY.

For Defendants-Appellees:    Barbara D. Underwood, Solicitor General, Victor
                Paladino, Senior Assistant Solicitor General, and Brian
                D. Ginsberg, Assistant Solicitor General, *for* Letitia
                James, Attorney General of the State of New York,
                Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Mark LaPierre, pro se and incarcerated, sued several employees of the New York State Department of Corrections and Community Supervision ("DOCCS")—including corrections officers and his physician, Dr. Krishna Vadlamudi—under 42 U.S.C. § 1983, alleging Eighth Amendment violations. First, LaPierre claimed that, on December 21, 2012, while he was imprisoned at Clinton Correctional Facility ("Clinton"), the officers beat him while others failed to intervene ("the Clinton incident"). Second, LaPierre claimed that, while he was imprisoned at the Marcy Correctional Facility ("Marcy"), Vadlamudi was deliberately indifferent to his medical needs by denying him suitable pain medication and refusing to order diagnostic testing. The defendants moved for summary judgment, arguing that LaPierre failed to exhaust his administrative remedies before filing suit over the Clinton incident and, while he properly

exhausted his claim against Vadlamudi, LaPierre's disagreement with Vadlamudi's treatment did not amount to a constitutional violation. The district court granted the defendants' motion and LaPierre timely appealed. As to LaPierre's Eighth Amendment claim against Vadlamudi, we affirm for substantially the reasons set forth by the district court. We address whether LaPierre properly exhausted his administrative remedies regarding the Clinton incident herein, and assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). As relevant here, the Prison Litigation Reform Act ("PLRA") provides that incarcerated plaintiffs must exhaust administrative remedies before filing a claim under § 1983 "or any other Federal law." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). As an inmate of DOCCS, LaPierre was required to submit his grievance through the Inmate Grievance Program.

The district court found no material issue of fact had been raised as to LaPierre's failure to exhaust the administrative remedies that were available to him regarding the Clinton incident. We agree. In his verified complaint and affidavit, LaPierre claims that on or around December

3

29, 2012, he submitted a handwritten complaint to an unspecified correction officer and the complaint subsequently went missing. However, having failed to properly file his complaint with the Inmate Grievance Clerk so that it would be numbered and logged at the time of receipt, LaPierre stated that he took no additional measures to ensure that his complaint was received. Moreover, at his deposition, LaPierre testified that he did *not* file a grievance concerning the Clinton incident. He also affirmed at his deposition that "[he] tried to file a grievance" but did not actually do so, because no grievance forms were available.[1] Doc. 91-2 at 5. In such circumstances, LaPierre's shifting and contradictory statements "transcend credibility concerns and go to the heart" of whether LaPierre raised a genuine issue of material fact as to exhaustion. *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011); *see also Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("[I]n the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," the court must "mak[e] some assessment of the plaintiff's account" despite "the duty of district courts not to weigh the credibility of the parties at the summary judgment stage"). We see no error in the district court's determination that LaPierre failed to do so.

Nor does the mere absence of grievance forms attested to by LaPierre during his deposition excuse his failure to exhaust administrative remedies. An administrative procedure is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes,

---

[1] The record reflects that LaPierre wrote letters to then-DOCCS Commissioner Brian Fischer on January 1, 2013, and letters to the Inspector General's Office on March 21, 2013 and June 9, 2013, which resulted in an investigation by the Inspector General. These letters, however, are not the equivalent of a grievance and did not exhaust LaPierre's administrative remedies. *See* 7 N.Y.C.R.R. § 701.2(a); *see also Ross*, 136 S.Ct. at 1855 (applying Maryland law).

4

practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (quoting *Ross*, 136 S.Ct. at 1859–60). The Inmate Grievance Program regulations provide that if the grievance "form is not readily available, a complaint may be submitted on plain paper." 7 N.Y.C.R.R. § 701.5(a)(1). Moreover, to the extent LaPierre argues that the administrative procedure was unavailable for other reasons—either because it was opaque or because he was thwarted from using it—we have considered these arguments and find them to be without support in the record for substantially the reasons provided by the district court.

\* \* \*

We have considered LaPierre's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] LaPierre's pending motion for assignment of counsel, submitted after the briefing period ended, is denied as moot.

5